**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**
**SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| Anthony Moore, | ) | |
| | ) | |
| Plaintiff, | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| vs. | ) | |
| | ) | |
| Leann K. Bertsch, et. al., | ) | Case No. 1:10-cv-089 |
| | ) | |
| Defendants. | ) | |

_____

I.      **BACKGROUND**

        Anthony Moore ("Moore") is an inmate at the North Dakota State Penitentiary ("NDSP").

On December 2, 2010, he submitted a PLRA packet containing a proposed complaint and an

application to proceed *in forma pauperis*.

        Moore is a frequent *pro se* prisoner litigant whose filings are now limited by the "three

strikes" provision of 28 U.S.C. § 1915(g), as well an order issued in Moore v. Cass County Jail

Medical Department, Case No. 3:09-cv-113, by Senior District Judge Charles Kornmann of the

District of South Dakota, who sat in that case by assignment because Moore had named all of the

North Dakota magistrate and district judges as defendants.  See also Moore v. Bertsch, No. 1:10-cv-

00053, 2010 WL 2998779, **2-3 (D.N.D. July 27, 2010) (noting the applicability of the "three

strikes" provision and discussing Judge Kornmann's order).  Judge Kornmann's order in Moore v.

Cass County Jail Medical instructed the Clerk's offices in both the Districts of North Dakota and

South Dakota not to file any additional complaints from Moore "unless the pleadings are signed,

pursuant to Federal Rules of Civil Procedure 11, by an attorney admitted to the court, or unless a

federal judicial officer has authorized in writing the filing of such pleadings in advance."  Moore

v. Cass County Jail Medical Department, Case No. 3:09-cv-113 (D.N.D. Order dated January 27, 2010) (Doc. No. 7); see id. Moore appealed Judge Kornmann's order and the Eighth Circuit dismissed the appeal for non-payment of the filing fee after refusing to allow him to proceed *in forma pauperis*. Moore v. Cass County Jail Medical Department, No. 10-1924 (8th Cir. Order dated May 3, 2010, and Judgment dated July 16, 2010).

In a recent action, Moore attempted to evade Judge Kornman's order by striking over the words "North Dakota" in the printed caption of his complaint, inserting the word "Missouri" (apparently intending to file in the non-existent "District of Missouri"), and then erroneously filing the action in the Southern District of Illinois. Moore v. Bertsch, 2010 WL 2998779 at *3. The action was transferred to North Dakota and assigned to District Judge Viken of the District of South Dakota because Moore had again named as defendants all of the magistrate and district judges in the District of North Dakota, Judge Kornmann, and all of the Eighth Circuit judges. Judge Viken dismissed the complaint and ordered Moore to comply with Judge Kornmann's order for any future lawsuits filed in the Districts of North Dakota and South Dakota. Id. at *4.

Since Judge Viken's order of July 27, 2010, Moore has tendered three more PLRA packets with proposed complaints, including the one now before the court. The proposed complaint in the first packet contained a litany of Moore' past allegations, including that he was suffering excruciating pain and was in imminent danger of serious physical injury, as well as a new allegation that he had been subjected to a "mock" colonoscopy. But, unlike other recent filings, Moore did not seek to name any of the judges of this district as defendants. Hence, the court screened the complaint and directed that it not be filed. Moore v. Bertsch, No. 1:10-cv-000074, Doc Nos. 4 & 7. Moore then appealed. On December 1, 2010, the Eighth Circuit issued an order denying

2

Moore's request to proceed *in forma pauperis* and stated that the appeal would be dismissed if Moore did not pay the filing fee within fifteen days.  Moore v. Bertsch, No. 10-3315 (8th Cir. Order dated Dec. 1, 2010).

Moore's proposed complaint in the next PLRA packet reiterated many of the same allegations, but this time sought to name as defendants all of the sitting district judges in this district and Senior Judge Kornmann from the District of South Dakota, but not any of the magistrate judges. Notwithstanding that all of the district judges were named as defendants, this court reviewed the complaint and ordered that it not be filed, invoking the "rule of necessity."  Moore v. Bertsch, No. 1:10-cv-082, Doc. No. 3 (D.N.D. Nov. 24, 2010).  Moore filed an appeal, which is still pending.

In the proposed complaint now before the court, Moore pleads the following:

- He  alleges that he is now confined to his cell for a total of 60 days as result of two recent disciplinary actions that imposed a penalty of 30-day cell confinement each. He complains that his health is suffering from being confined to his cell, but does not make any claim that the imposition of the disciplinary action was in violation of his rights or was otherwise unwarranted.

- He claims that he has been in administrative segregation since September 26, 2006, and that he is in "severe pain and suffering" as a result of being overly inactive, including that he cannot get out of bed without "enduring excruciating pain and suffering" throughout his entire body.  He also claims diminishment in mental capacity. He claims he is confined to his cell 23 hours a day, although it is not clear whether he is claiming that this is a result of his most recent disciplinary actions or his placement in administrative segregation generally.

- He claims that prison officials have refused to process his requests for a transfer to the custody of some other state prison system or to the Federal Bureau of Prisons. He alleges that state prison officials have wrongfully taken the position that a transfer will not be considered until his conduct improves.

- He once again names as defendants all of the district judges of this district, along with Senior Judge Kornmann of the District of South Dakota, but this time includes all of the magistrate judges of this district as well. He alleges that all of the named judges have befriended prison officials and are not impartial, but does not claim that they have engaged in substantive acts violating his constitutional rights.

In his prayer for relief, Moore asks that the court invalidate the sanctions restricting him to his cell and order that he be released from administrative segregation or transferred to the custody of another jurisdiction outside the immediate "five state area."

As discussed in more detail below, Moore has filed prior actions challenging his confinement in administrative segregation and alleging deteriorating health as result, all of which have been found to be without merit. However, in order to give Moore an opportunity to explain why circumstances may have changed, the undersigned scheduled a hearing on Moore's request to proceed *in forma pauperis* for December 10, 2010, at the North Dakota State Penitentiary, but Moore refused to leave his cell to attend the hearing.

## II.    **DISCUSSION**

The first issue that must be addressed is whether the court should consider this matter, given that Moore again proposes to name all of the judges of this district as defendants. It is recommended

that the court invoke the "rule of necessity" for the reasons the court invoked the rule most recently in Moore v. Bertsch, No. 1:10-cv-082 (D.N.D. Order dated Nov. 24, 2010) (Doc. No. 3).

Turning to the proposed complaint, Moore has complained in past cases about his continued confinement in administrative segregation and his allegedly deteriorating health as a result. The most recent case appears to have been Moore v. Bertsch, No. 1:09-cv-027, 2009 WL 2150966 (D.N.D. July 13, 2009).[1] In that case, the court denied Moore's request to proceed *in forma pauperis* based on the undersigned's report and recommendation, which stated, in relevant part, the following with respect to his claim that he was then in danger of imminent serious bodily injury as a result of his continued confinement in administrative segregation:

> In this case, Moore has pled that he is in imminent danger of serious physical injury, but the court is not required in all instances to accept conclusory allegations to that effect. Martin v. Shelton, 319 F.3d at 1050; Pennington v. Harris, No. 5:08-cv-00229, 2008 WL 4174826, at *3 (E.D.Ark. Sept.5, 2008). This is particularly true when a prisoner has a record of previously having made allegations of suffering from serious medical conditions that the courts have determined to be fictitious or not as serious as claimed. Cf. Martin v. Crosby, 219 Fed.Appx. 599, 2007 WL 817586 (8th Cir.2007) (unpublished per curiam); McNeil v. United States, No. C05-1975-JCC, 2006 WL 581081, at *3 (W.D.Wash.2006).
>
> And, Moore has such a history with this court. E.g., Moore v. Bertsch, No. 1:05-cv-098; 2007 WL 2410346 (D.N.D. Aug.21, 2007), aff'd, 293 Fed.Appx. 434, 2008 WL 4307896 (8th Cir.2008) (complaints of elevated amylase and small phleboliths held to be insignificant and not a serious medical condition warranting invocation of Eighth Amendment protection despite claims to the contrary); Moore v. Schuetzle, 486 F.Supp.2d 969, 989 (D.N.D.2007), aff'd as modified by 289 Fed.Appx. 962, 2008 WL 3891506 (8th Cir.2008) (complaints of pain and atrophy suffered during administrative segregation not sufficient to invoke constitutional protection despite claims to the contrary); Moore v. Schuetzle, 354 F.Supp.2d 1065 (D.N.D.2005), aff'd, 172 Fed.Appx. 133, 2006 WL 758472 (8th Cir.2006) (complaints of severe pain resulting from alleged abdominal, gastric, and testicular maladies and a deformed finger held insufficient to support an Eighth Amendment claim).

---

[1] As already observed, the court has rejected more recent filings in which Moore has alleged he is suffering excruciating pain and is in danger of imminent serious bodily injury. The focus of those allegations, however, has the failure to provide adequate medical care.

In this case, Moore's conclusory allegations that he is in imminent danger of serious physical injury are not sufficient. First, the wording of the allegations suggest that they are formulaic and a transparent attempt to avoid § 1915(g)'s bar. In particular, there is the implicit suggestion that his "excruciating pain" will somehow improve if he is removed from administrative segregation. See Pennington v. Harris, 2008 WL 4174826, at *3 (noting a similar dubious claim). Further, Moore claims he has been placed in imminent danger of serious bodily injury based on all of the allegations in the complaint, which, as noted above, include complaints over his mail and writeups for talking to other prisoners while performing janitorial duties. See Skillern v. Jackson, No. CV606-49, 2006 WL 1687752, at *2 (S.D.Ga. June 14, 2006) (making a similarly broad claim of imminent danger of serious bodily injury).

Second, the grievance and other prison administrative records attached to the complaint indicate that Moore has recently seen the prison's doctor and other medical staff for his pain complaints; that he recently made statements to the prison doctor and to the warden that are inconsistent with his claim of "excruciating" pain; that he has recently refused pain medication on several instances when it was offered; that he has been referred for examination to a medical specialist; and that, during the same time frame he was purportedly suffering "excruciating" pain, he was performing janitorial duties until he was suspended from that activity because of disciplinary infractions. (Doc. Nos. 5-6, 5-7, 5-11; 5-12; 5-13; & 5-14). As noted earlier, Moore references and relies upon the attachments to his complaint in support of his claims, and there is nothing in the complaint in terms of specific facts or denials that contradict these points.

Id. at **5-6 (footnote omitted). Moore appealed the court's rejection of his request to proceed *in forma pauperis*, and the Eighth Circuit dismissed the appeal after Moore failed to pay the filing fee following that court's rescission of Moore's *in pauperis* status pending appeal. Moore v. Bertsch, No. 09-2754 (8th Cir. Order dated August 31, 2009, and Judgement dated September 23, 2009).

Similarly, the court found the following in the earlier case of Moore v. Schuetzle, 486 F. Supp. 2d 969 (D.N.D. 2007) regarding Moore's confinement in administrative segregation and his allegedly deteriorating health:

**1) ADMINISTRATIVE SEGREGATION**

Moore was placed at the North Dakota State Penitentiary on January 29, 2002, as a result of a state conviction of gross sexual imposition, with force. See Docket No. 61. Since his arrival at the NDSP, Moore has been a difficult prisoner and has been placed in administrative segregation on nine separate occasions because of his inability to control his behavior. Id. ¶ 4. On September 22, 2006, Moore was

6

placed in administrative segregation and has remained there since September 2006, because of his apparent inability to satisfy the behavior requirements for his return to the general population.

In his affidavit, Moore provides that he "is currently in tremendous Pain and suffering in my knees. pain in back and In entire physical body." See Docket No. 64 (errors in original). Moore contends that he has "Degenerated and deteriorated physically due to Being in administrative segregation inactive 23 Hours out of a 24 hour period day." Id. (errors in original).

On October 9, 2006, Moore was disciplined for writing a sexually harassing letter to a female correction officer. See Docket No. 61-16. Moore appealed the disciplinary action to the warden by filing a "Step Two Grievance." In his grievance, Moore made no mention of the underlying offense or sanction, but instead complained of his placement in administrative segregation. Moore wrote that his placement in administrative segregation "causes physical pain, suffering and degeneration and deterioration being inactive 23 hours out of a 24 hour period day." Id. In addition, Moore stated "[t]hese are atypical and significant hardship in relation to the ordinary incidents of the prisoner's life." Id.

On October 26, 2006, Moore sent a letter to Leann Bertsch, the Director of the Department of Corrections and Rehabilitation, requesting that he be released from administrative segregation. See Docket No. 61-3. In his letter, Moore stated that "[w]hile in Administrative Segregation Department prisoners obviously degenerate and deteriorate physically and mentally and suffer in tremendous daily pain from being inactive 23 hours out of a 24 hour period day." Id.

On October 30, 2006, Director Bertsch responded and stated that Moore would be reviewed for release from administrative segregation in accordance with prison policies. Id. at 4. After receiving the denial, Moore chose to bypass the grievance procedure and again sent a grievance directly to Director Bertsch claiming that, because it was a sensitive nature, he could not go through the regular procedures. Id. at 5. In this grievance, Moore again stated that prisoners, "while in administrative segregation degenerate and deteriorate physically, mentally, emotionally and suffer in pain being inactive 23 hours out of a 24 hour period day." Id. Director Bertsch rejected Moore's attempt to bypass the grievance procedures, noting that the subject of the grievance was not of a sensitive nature and she did not believe the "issue would cause adverse results if known in the institution and do not find that it is necessary to file directly to me." Id. at 6.

Inmates placed in administrative segregation receive one hour per day of outdoor recreation for five days per week. See Docket No. 68, ¶ 4. In addition, Moore can leave his cell to take three 15-minute showers per week, to meet with the law librarian on the administrative segregation unit, to go to the infirmary for medical treatment, to make telephone calls, and to have his hair cut. Id. at ¶ 9. Many inmates housed in administrative segregation spend a number of hours per day exercising, including yoga, jumping jacks, sit-ups, weight lifting (using books as weights), and running in place. Id. at ¶ 8.

486 F. Supp. 2d at 972-973.   Based on these findings, the court dismissed Moore's Eighth Amendment claims, concluding, in part, that his continued confinement in administrative segregation was  not cruel or unusual punishment.  Id. at 982-983.  Also, the court denied Moore's request for an order transferring him to federal facility or to the custody of another state, concluding the court had no authority to order a transfer to a federal facility and very limited authority to require that prison officials attempt to place Moore out-of-state.  Id. at 981-982.

In the proposed complaint now before the court, Moore alleges the same non-specific complaints of excruciating pain throughout his entire body that he has been making for a number of years, all of which have been determined to be either frivolous or without merit. E.g., Moore v. Bertsch, 2010 WL 2998779 at **2-3 (Judge Viken).  There is nothing in the material now before the court that suggests this time is any different.[2]  In addition, it is clear from Moore's past cases, including those disposed of within the last six months, that Moore has been afforded medical care. E.g., Moore v. Bertsch, No. 1:10-cv-000074, Doc Nos. 4  & 7 ) (concluding to be frivolous Moore's claim that a colonoscopy performed at a local clinic was a "mock procedure").  Finally, it has been the policy of prison officials in the past to periodically review the appropriateness of continued administrative segregation, and Moore does not claim in this case that he has been denied review. Moore v. Schuetzle, 486 F. Supp. 2d at 972-973.

---

[2] In addition to his numerous federal filings, Moore has also been filing *pro se* petitions for relief in state court. See, e.g., State v. Moore, __ N.W.2d __, 2010 WL 4880587 (N.D. 2010).  Moore's ability to process numerous court filings and timely appeals also belies his claim of excruciating pain and diminishment of mental acuity.

**III.**     **RECOMMENDATION**

Based on the foregoing, and to comply with the outstanding orders of Senior District Judge Kornmann and Judge Viken, it is **RECOMMENDED** that the clerk's office be directed to <u>not</u> file the proposed complaint and be further directed to attach a copy of the PLRA packet to the court's order of denial.

**NOTICE OF RIGHT TO FILE OBJECTIONS**

Pursuant to D.N.D. Civil L.R. 72.1(D)(3), any party may object to this recommendation within fourteen (14) days after being served with a copy of this Report and Recommendation. Failure to file appropriate objections may result in the recommended action being taken without further notice or opportunity to respond.

Dated this 20th day of December, 2010.


*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr.
United States Magistrate Judge